(C. D. 799)

ARIS GLOVES, INC., ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 23, 1943)

*Mary Rehan* for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: These protests are directed against the assessment of duty made by the collector of customs under the provisions of paragraph 1532 (a) of the Tariff Act of 1930 on certain leather gloves. The protest claim in each case is that the merchandise is properly dutiable at the rate of 35 per centum ad valorem under the provisions of the aforesaid paragraph 1532 (a) as modified by the French Trade Agreement reported in T. D. 48316.

For the plaintiffs, it is contended that the issue involved is a question of law, and no evidence was offered when the case was called for trial. Paragraph 1532 (a), *supra,* as it was enacted into law read as follows:

PAR. 1532. (a) Gloves made wholly or in chief value of leather, whether wholly or partly manufactured, shall be dutiable at the following rates, the lengths stated in each case being the extreme length (including the unfolded length of cuffs or other appendages) when stretched to their fullest extent namely: Men's gloves not over twelve inches in length, $6 per dozen pairs; women's and children's gloves not over twelve inches in length, $5.50 per dozen pairs; for each inch or fraction thereof in excess of twelve inches, 50 cents per dozen pairs: *Provided,* That in addition thereto, on all the foregoing there shall be paid each of the following cumulative duties: When machine seamed, otherwise than overseamed, $1 per dozen pairs; when seamed by hand, $5 per dozen pairs; when lined with cotton, wool, silk, or other fabrics, $3.50 per dozen pairs; when trimmed with fur, $4 per dozen pairs; when lined with leather or fur, $5 per dozen pairs: *Provided further,* That all the foregoing shall be dutiable at not less than 50 per centum ad valorem: *Provided further,* That glove tranks, with or without the usual

accompanying pieces, shall be subject to 75 per centum of the duty provided for the gloves in the fabrication of which they are suitable.

The foregoing provisions were amended or modified by the terms of the French Trade Agreement, T. D. 48316, which in schedule IV thereof provides as follows with relation to certain of the articles named in paragraph 1532 (a), *supra:*

| Description of articles | Rate of duty |
| --- | --- |
| Women's and children's gloves, wholly or in chief value of leather, whether wholly or partly manufactured, when seamed by hand, but not lined, and not trimmed with fur, not over 12 inches in length. | $4 per doz. prs. plus $3.50 additional per doz. prs. |
| and for each inch or fraction thereof in excess of 12 inches_____ | 25c per doz. prs. |
| *Provided,* That all the foregoing shall be dutiable at not less than_____ | 35% ad val. |

It is claimed by the plaintiffs that the proviso "That all the foregoing shall be dutiable at not less than 35% ad val." relates not only to the women's and children's gloves described in the French Trade Agreement provision immediately preceding, but also to all of the various types of leather gloves covered by the paragraph as it existed prior to the negotiation of the said agreement. This claim is based upon the proposition urged by counsel for the plaintiffs that the French Trade Agreement quoted above, in effect reducing the rate of duty applicable to women's and children's gloves, actually refers to only one type of such glove, to wit, those seamed by hand, while the proviso applies to "all the foregoing," the emphasis being on the word "all." It is therefore contended that it would be absurd to consider that the term "all the foregoing" could be applicable to only one of the number of items which originally appeared in the schedule.

In our view the construction of the language of the French Trade Agreement sought by the plaintiffs would be a most forced and unnatural one, and is wholly unwarranted by a plain reading of the provision. By the terms of the agreement the duties applicable to certain gloves were reduced. These gloves were of various kinds, namely, (1) women's *or* children's, (2) wholly *or* in chief value of leather, (3) wholly *or* partly manufactured, and (4) seamed by hand, not lined, not trimmed with fur, and not over 12 inches in length, a cumulative duty being assessed on those over 12 inches in length. Any combination of the alternative elements given above would result in a different kind of glove from other combinations, and since it was the obvious purpose of the proviso to set a minimum duty applicable to any such combination, the use of the word "all" was justified therein.

Counsel for the plaintiffs, in support of their contention, calls attention to the fact that subsequent to the entry of the merchandise at bar a trade agreement with the United Kingdom was negotiated, which became effective January 1, 1939 (T. D. 49753), also containing a proviso for a minimum duty at 35 per centum ad valorem. In our view, the language of the subsequent trade agreement in no way lends support to the interpretation sought by the plaintiffs of the provisions of the French Trade Agreement. It relates to different kinds of gloves, namely, those lined, or trimmed with fur, which are not provided for in the French Trade Agreement, and on its face applies the minimum duty proviso only to the gloves therein described.

We think it plainly appears that it was the intention of the parties to the French Trade Agreement to carve out of the framework of paragraph 1532 (a) the kinds of gloves described, to which were to be applied the reduced duties, and that the proviso was to apply only to such gloves.

The protests are therefore overruled in all respects. Judgment will issue accordingly.